**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAWN A. COLLAZO, | |
| Plaintiff, | Civ. No. 23-22777 (GC) (DEA) |
| v. | |
| D. SMITH SGT. CORRECTIONAL OFFICER, et al., | MEMORANDUM & ORDER |
| Defendants. | |

**CASTNER, District Judge**

Plaintiff Ishawn A. Collazo ("Collazo" or "Plaintiff") is a prisoner detained at Monmouth County Correctional Institution in Freehold, New Jersey. Plaintiff is proceeding *pro se* with a civil complaint but has not applied for *in forma pauperis* ("IFP") status or submitted the $402.00 filing fee.[1] (*See* ECF 1-2). As explained below, the Court will administratively terminate this action and provide Plaintiff with 30 days to submit a complete IFP application or pay the $402.00 filing fee.

The Prison Litigation Reform Act of 1995 (the "PLRA"), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The PLRA also requires the prisoner to submit a copy of the inmate trust found account statement for the six-month period immediately preceding the complaint's filing, which must be certified by the

---

[1] Although the filing fee is $350.00, the administrative fee increased from $52.00 to $55.00 on December 1, 2023. Because Plaintiff's complaint was docketed on November 30, 2023, the $52.00 fee is applicable here. Moreover, if Plaintiff submits an IFP application and the Court grants that application, he is not responsible to pay the administrative fee.

appropriate prison official. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *Id.*

After a prisoner is granted *in forma pauperis* status, he must pay the full amount of the $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1), (b)(2). Moreover, even if the plaintiff pays the required fees and the Court accepts the complaint for filing, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If a prisoner has brought a federal action or appeal that was dismissed on the grounds listed above on three or more prior occasions, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

Here, Collazo has not submitted an IFP application or paid the $402.00 filing fee. The Court will therefore administratively terminate this action without directing the Clerk of Court to file the complaint or assess a fee. If Plaintiff wishes to reopen this action, he must submit a complete IFP application or pay the $402.00 filing fee within 30 days.

IT IS, therefore, on this 7th day of December 2023,

ORDERED the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter without filing the complaint or assessing a fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall submit a complete IFP application or pay the $402.00 filing fee within 30 days; Plaintiff shall address his submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

ORDERED that the Clerk shall serve copies of this Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case upon Plaintiff by regular U.S. mail.

                                                                                    /s/ Georgette Castner
                                                                                    GEORGETTE CASTNER
                                                                                    United States District Judge