**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAWN A. COLLAZO, | |
| Plaintiff, | Civ. No. 23-22777 (GC) (DEA) |
| v. | |
| D. SMITH SGT. CORRECTIONAL OFFICER, et al., | MEMORANDUM & ORDER |
| Defendants. | |

**CASTNER, District Judge**

This matter comes before the Court on Plaintiff Ishawn A. Collazo's ("Plaintiff") application to proceed in forma pauperis ("IFP application") (ECF No. 4) and the return of his mail as undeliverable. (ECF Nos 5-6.) For the reasons explained in this Memorandum & Order, the Court will administratively terminate this matter pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his address.

Plaintiff was detained at Monmouth County Correctional Institution in Freehold, New Jersey, when he filed this civil rights action without the filing fee or an IFP application. (*See* ECF No. 1.) On December 7, 2023, the Court administratively terminated the matter and provided Plaintiff with 30 days to submit an IFP application or pay the $402.00 filing fee.

On the same date, Plaintiff submitted an IFP application on the non-prisoner form. (ECF No. 4.) At that time, Plaintiff was still incarcerated at Monmouth County Correctional Institution. (*See* ECF No. 4 at 5; ECF No. 4-1.)

On December 26, 2023, and again on December 29, 2023, Plaintiff's mail was returned as undeliverable, and the notation on the second envelope states: "RETURN TO SENDER Not in

Facility". (ECF No. 6 at 3.) It appears that Plaintiff was released from prison or was moved to a new facility shortly after he submitted his IFP application. Since that time, however, he has not updated his address in compliance with L. Civ. R. 10.1. At this time, the Court will ADMINISTRATIVELY TERMINATE this matter pursuant to L. Civ. R. 10.1.

If Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter for adjudication and consider his IFP application. If Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41.

**THEREFORE, IT IS,** on this 11th day of January 2024,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Civil Action Number 23-22777 pursuant to L. Civ. R. 10.1 because Plaintiff has not updated his address; and it is further

**ORDERED** administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is timely reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriffs Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** that if Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter; and it is further

**ORDERED** if Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41, *see, e.g., Bricker v. Turner*, 396 F. App'x 804, 804 n.1 (3d Cir. 2010) (per curiam) (affirming district court's order dismissing civil

rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

_Georgette Castner_
GEORGETTE CASTNER
United States District Judge